IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA J. DAILEY,

        Plaintiff,

  v.                      Civil Action 2:18-cv-1163
                          Judge Michael H. Watson
                          Magistrate Judge Kimberly A. Jolson

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Commissioner's Motion to Dismiss (Doc. 9). For the following reasons, the Court **RECOMMENDS GRANTING** the Motion and **DISMISSING** this case with prejudice.

**I.    BACKGROUND**

Plaintiff Pamela J. Dailey seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability benefits. (Doc. 3). On August 4, 2014, Plaintiff protectively applied for Disability Insurance Benefits (DIB) under the Social Security Act (Act). (*See* Doc. 9-1, Exhibit 1 to Attachment A (Declaration of Michael Sampson, Court Case Preparation and Review Branch 3, Office of Appellate Operations, Social Security Administration). On May 1, 2017, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for benefits. (*Id.*, Attachment A at pg. 3, paragraph (3)(a) & Exhibit 1). Plaintiff requested review of the ALJ's decision. (*Id.*, Attachment A at pg. 3, paragraph (3)(a)). Thereafter, on June 18, 2018, the Appeals Council issued a notice denying Plaintiff's request for review of the ALJ's decision. (*Id.*, Attachment A at pg. 3, paragraph (3)(a) & Exhibit 2). The

notice informed Plaintiff of her right to appeal by filing a civil action in district court within 60 days. *See id.* More specifically, the notice stated:

> **Time to File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. 9-1, Exhibit 2).

The Appeals Council sent the denial notice by mail addressed to Plaintiff, with a copy to Plaintiff's representative. (*Id.* Attachment A at pg. 3, paragraph (3)(a) & Exhibit 2). As of December 14, 2018, the Social Security Administration was not aware of any request for an extension of time to file a civil action in this case as specified in the Appeals Council's notice, and in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. (*Id.* Attachment A at pg. 3, paragraph (3)(b)).

Plaintiff has not alleged in her Complaint or otherwise informed the Court that she requested additional time from the Appeals Council or that she received the Notice more than five days after June 18, 2018. Consequently, the Commissioner has moved to dismiss Plaintiff's Complaint as time-barred. (Doc. 9). The Commissioner served her Motion on Plaintiff at the address she provided in her Complaint (Doc. 9 at 6), but Plaintiff did not respond timely to the Commissioner's Motion. *See* Local Rule 7.2(a)(2). On February 20, 2019, this Court converted Defendant's Motion to Dismiss to a Motion for Summary Judgment, and gave Plaintiff an

additional opportunity to respond to the Commissioner's Motion. (Doc. 10). Again, Plaintiff did not respond.

## II. DISCUSSION

The Commissioner argues that Plaintiff missed her deadline to bring this case, and, consequently, this case should be dismissed. (*See generally* Doc. 9). The Motion presents a single dispositive issue: whether Plaintiff's Complaint is time-barred.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive method of obtaining review of a final decision of the Agency. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ."). The first sentence of 42 U.S.C. § 405(g) provides the time limitation for commencing a civil action. It states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Supreme Court has noted that the 60-day statute of limitations provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Further, the United States Court of Appeals for the Sixth Circuit has made clear that strict adherence to this filing requirement is necessary to ensure the efficient disposition of social security appeals. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). Indeed, in *Cook*, the Sixth Circuit held that a one-day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of

applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id. See also Marthey v. Comm'r of Soc. Sec.*, Case No. 12-cv-2759, 2013 U.S. Dist. LEXIS 145448 (N.D. Ohio Sept. 12, 2013) (dismissing social security complaint that was one day late); *Winkleman v. Comm'r of SSA*, No. 11-cv-1926, 2012 U.S. Dist. LEXIS 67467 (N.D. Ohio April 24, 2012) (same).

Here, Plaintiff missed her deadline by 41 days. "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook*, 480 F.3d at 436. Put a simpler way, a claimant has 65 days to appeal. Applied here, Plaintiff needed to file her case by August 22, 2018, because the Notice was dated June 18, 2018. Plaintiff filed her case on October 2, 2018, 41 days too late. (*See generally* Docs. 1, 3).

Finally, there are no facts before the Court demonstrating that Plaintiff had good cause for missing her deadline. *See* 20 C.F.R. §§ 404.911(b), 416.1411(b). Indeed, Plaintiff has made no effort to explain her delay to this Court, despite multiple opportunities to do so. (*See, e.g.*, Doc. 10).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** the Motion to Dismiss (Doc. 9) and **DISMISSING** this case with prejudice.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo*

4

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

　　IT IS SO ORDERED.

Date: April 12, 2019                          /s/Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE